IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,413-02






EX PARTE EMORY TOWNSEND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 97-F-579-102 IN THE 102
ND DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to
ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that he is actually innocent and that there is no evidence
that he is guilty of sexual assault. In August 2000, the State and the trial judge of the 102nd District Court
of Bowie County signed sworn affidavits. These affidavits, which are newly available evidence, indicate
that Applicant's claims might be meritorious. In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall order the State to prepare a second affidavit in
response to Applicant's claims. That affidavit shall set forth the evidence, if any, of Applicant's guilt and
state whether, in light of that evidence, the State would have indicted and prosecuted Applicant. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact and conclusions of law as to whether Applicant has
established that he is actually innocent and whether there is no evidence that he is guilty of sexual assault.
The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: June 27, 2007

Do not publish